IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY RAY COX, #115090, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv38-D |
| | ) | WO |
| ROBERT LYNDIETH HUMPHRIES, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the court is a motion to amend (Doc. No. 7) filed by the plaintiff in which he requests the court to vacate those portions of the court's order entered January 29, 2004 (Doc. No. 3) requiring the Alabama Department of Corrections to deduct 20 percent of his income and forward such deductions to the court to complete payment of the $150.00 filing fee. In support of his motion, the plaintiff asserts that the withholding of his money by prison officials for payment of the filing fee "has constituted a substantial hardship on the plaintiff." (Doc. No. 7 at 1.) He contends that he should not be held responsible for payment of the filing fee because an inmate paralegal who "filed this frivilous (sic) civil action . . . took advantage of" him. (Id.)

Pursuant to the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who brings a civil action is required to pay the $150.00 filing fee applicable to the filing of a civil action in this court even if he is granted leave to proceed *in forma pauperis*. Specifically, this section

directs that the court must "assess and, when funds exist, collect" the $150.00 filing fee from all monies available to the indigent plaintiff. 28 U.S.C. § 1915(b)(1). This fee is due to be collected regardless of the summary dismissal of the case. See id. § 1915(e)(2). The court, therefore, finds that the plaintiff's motion to amend is without legal basis.

Accordingly, it is CONSIDERED and ORDERED that the plaintiff's motion to amend be and the same is hereby DENIED.

DONE this 23rd day of August, 2005.

                                      /s/ Ira DeMent
                                      SENIOR UNITED STATES DISTRICT JUDGE